**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

|  |  |  |
|---|---|---|
| K.B.B., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 4:26-cv-400-CDL-ALS |
| | : | |
| Warden, STEWART DETENTION | : | |
| CENTER, *et al.*, | : | |
| | : | |
| Respondents. | : | |

---

**ORDER**

On March 18, 2026, the Court received Petitioner's *pro se* application for habeas corpus relief under 28 U.S.C. § 2241 and motion for leave to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1, 3). Petitioner also filed a motion to appoint counsel. (ECF No. 2). Having reviewed the motion to proceed IFP, the Court **GRANTS** Petitioner's motion to proceed IFP. (ECF No. 3).

As to Petitioner's motion to appoint counsel, generally, there is no right to legal representation in a federal habeas corpus proceeding. *Wright v. West*, 505 U.S. 277, 293 (1992). Appointment of counsel is only required in a habeas action if counsel is necessary for effective utilization of discovery procedures or if an evidentiary hearing is required. *See* R. Governing Section 2254 Cases in the U.S. Dist. Cts. 6(a), 8(c). Counsel also may be appointed at any stage of the case when the "interests of justice" require it. 18 U.S.C. § 3006A(a)(2)(B). At this preliminary stage of the proceeding, the Court is not yet able to determine whether counsel will be necessary for discovery or whether an evidentiary hearing may be required.

Further, the interests of justice do not presently require the appointment of counsel. Petitioner sufficiently set forth his allegation such that the Court was able to act on them. Thus,

appointment of counsel is not necessary at this time, and Petitioner's motion to appoint counsel (ECF No. 2) is **DENIED**. If it becomes apparent later in these proceedings that counsel must be appointed for Petitioner, the Court, on its own motion, will secure legal counsel at that time. Consequently, there is no need for Petitioner to file additional requests for counsel.

Having initially reviewed Petitioner's application, the Court finds good cause to extend the time for a response. 28 U.S.C. § 2243. Accordingly, Respondents shall have twenty-one (21) days to file a comprehensive response to said application. Within fourteen (14) days thereafter, Petitioner should file any desired reply. The Court will consider whether to hold an evidentiary hearing once briefing is complete.

**SO ORDERED**, this 19th day of March, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE